UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FLORENCE, | No. 2:25-cv-1304 CKD P |
| Plaintiff, | |
| v. | ORDER |
| P. FARNSWORTH, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se and seeking relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

1

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

The court has reviewed plaintiff's complaint and finds that plaintiff may proceed on claims against defendants Farnsworth, Gibson, and Larios in their individual capacities arising under the Eighth Amendment for exposing plaintiff to harmful conditions of confinement. Plaintiff has two options: (1) proceed on those claims; or (2) seek leave to file an amended complaint in an attempt to cure deficiencies with respect to other claims.

Essentially, plaintiff's allegations against the other defendants are too vague. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976). Furthermore, vague and conclusory allegations of official participation in civil rights violations against persons like wardens simply because they are in charge are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). There is no vicarious liability in a § 1983 action.

Plaintiff complains about denial of adequate medical care. Denial or delay of medical care can violate the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). A violation occurs when a prison official causes injury as a result of his or her deliberate indifference to a prisoner's serious medical needs. Id. A plaintiff can show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) citing Estelle, 429 U.S. at 104. "Examples of serious medical needs include '[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.'" Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) citing McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th

1  Cir. 1991). "Deliberate indifference" includes a purposeful act or failure to respond to a
2  prisoner's pain or possible medical need. Jett, 439 F.3d at 1096.
3        A showing of merely negligent medical care is not enough to establish a constitutional
4  violation. Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998), citing Estelle, 429 U.S. at 105-
5  106. A difference of opinion about the proper course of treatment is not deliberate indifference,
6  nor does a dispute between a prisoner and prison officials over the necessity for or extent of
7  medical treatment amount to a constitutional violation. See, e.g., Toguchi v. Chung, 391 F.3d
8  1051, 1058 (9th Cir. 2004); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989). Furthermore,
9  mere delay of medical treatment, "without more, is insufficient to state a claim of deliberate
10 medical indifference." Shapley v. Nev. Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.
11 1985). Where a prisoner alleges that delay of medical treatment evinces deliberate indifference,
12 the prisoner must show that the delay caused "significant harm and that defendants should have
13 known this to be the case." Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); see
14 McGuckin, 974 F.2d at 1060.
15       Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to
16 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
17 complaint be complete in itself without reference to any prior pleading.
18       In accordance with the above, IT IS HEREBY ORDERED that:
19       1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.
20       2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees
21 shall be collected and paid in accordance with this court's order to the Director of the California
22 Department of Corrections and Rehabilitation filed concurrently herewith.
23       3. Plaintiff is granted 21 days within which to complete and return the attached form
24 notifying the court whether he wants to proceed on claims against defendants Farnsworth, Gibson
25 and Larios in their individual capacities arising under the Eighth Amendment for exposing
26 plaintiff to harmful conditions of confinement and voluntarily dismiss all other claims or (2) file
27 an amended complaint in an attempt to cure the deficiencies in his complaint with respect to his
28 /////

3

other claims.  If plaintiff does not return the form, this action will proceed on the claims described above and the court will recommend all other claims and defendants be dismissed.

Dated:  September 3, 2025

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
flor1304.option

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON FLORENCE, | No. 2:25-cv-1010 CKD P |
| Plaintiff, | |
| v. | PLAINTIFF'S NOTICE OF |
| P. FARNSWORTH, et al., | HOW TO PROCEED |
| Defendants. | |

Check **one**:

\_\_\_\_\_ Plaintiff wants to proceed on claims against defendants Farnsworth, Gibson, and Larios in their individual capacities arising under the Eighth Amendment for exposing plaintiff to harmful conditions of confinement and voluntarily dismiss all other claims and defendants; **OR**

\_\_\_\_\_ Plaintiff wants time to file an amended complaint.

DATED:

                                                                _____
                                                                        Plaintiff